# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**TIFFANI MARION and**
**HENRY ARCHER**                                                    **PLAINTIFFS**

**V.**                                                        **CASE NO. 2:06CV193**

**RENT-A-CENTER, INC.**                                              **DEFENDANT**

## ORDER

This cause comes before the court on the plaintiffs' motion, pursuant to 28 U.S.C. § 1447, to remand this case to the Circuit Court of Coahoma County. The court, having reviewed the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

Plaintiffs filed this action seeking recovery for damages sustained when defendant's employees allegedly entered their home to conduct a repossession and maliciously inflicted damage upon their property. Defendant subsequently removed the case to this court, on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. The parties agree that complete diversity exists among them, and the sole issue for resolution is whether the amount in controversy exceeds $75,000. According to the Fifth Circuit:

> [T]here are two methods by which the amount in controversy may be determined. First, removal is proper if it is facially apparent from the complaint that the claims are likely to be above $75,000. Second, if it is not facially apparent that the claims are likely to be above $75,000, a removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. However, removal may not be based simply upon conclusory allegations.

*Beichler v. Citigroup, Inc.*, 241 F.Supp. 2d 696, 699 (S.D. Miss. 2003)(discussing standard articulated by *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). The Fifth Circuit

has also provided these additional guidelines for determining whether the amount in controversy requirement is met:

> [T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional minimum].

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). If the defendant proves by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, then the plaintiff must then prove to a legal certainty that the amount in controversy does not exceed the jurisdictional amount in order to defeat jurisdiction. *Beichler*, 241 F.Supp. 2d at 700-01.

In this case, plaintiffs' complaint contains language seeking an indeterminate amount of damages, but the court concludes that defendant has managed to demonstrate that the damages in this case most likely exceeds $75,000. In so concluding, this court places paramount importance upon the fact that the complaint seeks punitive damages, in addition to a lengthy list of compensatory damages. Specifically, plaintiffs seek recovery for "loss of use of personal property, damage to property, depreciation, cost of repairs, consequential damages, diminution in value, moving expenses, and loss of deposit." The court agrees with defendant that, when considered in conjunction with the demand for punitive damages, such a damages request indicates that the amount in controversy requirement is most likely met. This is particularly true considering that the Fifth Circuit has held that, under Mississippi law, the full amount of punitive damages sought by all plaintiffs must be counted against each plaintiff to determine whether the amount in controversy requirement is met. *Allen*, 63 F.3d at 1333-34. The court therefore concludes that defendant has

met its initial burden of proof, and this places the burden on the plaintiff to prove to a "legal certainty" that the amount in controversy is not, in fact, met. *Id.*

In the court's experience, plaintiffs almost uniformly attempt to meet the "legal certainty" test through an affidavit committing themselves to recovering less than the jurisdictional amount. Tellingly, however, plaintiffs have failed to execute such an affidavit in this case, and it is difficult to discern why they would decline to do so if, as they contend, they seek less than $75,000 in this case. Plaintiffs have not even attempted to meet the "legal certainty" test, instead relying on an argument that defendant failed to meet it burden of showing that the amount in controversy is most likely met. The court has previously concluded that defendant succeeded in meeting its burden in this regard, however, and the motion to remand is therefore due to be denied.

It is therefore ordered that plaintiffs' motion to remand [6-1] is denied.

So ordered, this the 12th day of June, 2007.

                                             **/s/ Michael P. Mills**
                                             **CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**
                                             **NORTHERN DISTRICT OF MISSISSIPPI**